Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sean P. Hanratty;<br><br>　　　Plaintiff,<br><br>v.<br><br>First Advantage Background Services Corp., d/b/a First Advantage;<br><br>　　　Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331 and 1337. Venue lies in the Phoenix Division of the District of Arizona as Plain-

tiff's claims arose from acts of the Defendant perpetrated therein.

## III.  PARTIES

3. Plaintiff Sean P. Hanratty is an adult individual who resides in Maricopa County, Arizona.

4. Defendant First Advantage Background Services Corp., doing business under the name of First Advantage (hereinafter "First Advantage"), is a consumer reporting agency that regularly conducts business in the District of Arizona, and which has a principal place of business located in Atlanta, Georgia.

## IV.  FACTUAL ALLEGATIONS

5. Defendant First Advantage has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information") from at least 2015 through the present.

6. The inaccurate information includes, but is not limited to a report of a felony conviction for Marijuana Violation against Plaintiff which conviction was in fact vacated and dismissed with prejudice.

7. First Advantage has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown, including but not limited to UnitedHealth Group.

8. Specifically, Plaintiff hired on as an actuarial analyst by UnitedHealth since September 2015.

9. In or about January 2016, UnitedHealth requested that First Advantage do a background check on Plaintiff as part of its annual employee

1  review.

2  10. On or about January 12, 2016, First Advantage mailed Plaintiff a copy
3  of the background check it conducted for UnitedHealth.
4  11. The First Advantage report reflected a felony conviction dated July 21,
5  2008 for "Marijuana Violation" in case reference number 20080076.
6  12. However, by court order dated July 1, 2011, the judgment of guilt was
7  set aside, the complaint was dismissed, and Plaintiff was released from
8  all penalties and disabilities resulting from the conviction.
9  13. As a result of Defendant's conduct, Plaintiff has suffered actual dam-
10  ages in the form of harm to reputation, emotional distress, humiliation
11  and embarrassment.
12  14. At all times pertinent hereto, Defendant was acting by and through its
13  agents, servants and/or employees who were acting within the course
14  and scope of their agency or employment, and under the direct supervi-
15  sion and control of the Defendant herein.
16  15. At all times pertinent hereto, the conduct of Defendant, as well as that
17  of its agents, servants and/or employees, was malicious, intentional,
18  willful, reckless, and in grossly negligent disregard for federal and state
19  laws and the rights of the Plaintiff herein.

20  **V.  CAUSES OF ACTION**
21  **COUNT 1 – First Advantage**
22  **Violations of the FCRA**

23  16. Plaintiff incorporates the foregoing paragraphs as though the same
24  were set forth at length herein.
25  17. At all times pertinent hereto, Defendant First Advantage was a "per-

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

son" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendant First Advantage is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendant First Advantage is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681b(b).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendant First Advantage is liable to Plaintiff for:

   (a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C. § 1681(k); and/or

   (b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C. § 1681(k).

23. The conduct of Defendant First Advantage was a direct and proximate cause, as well as a substantial factor, in bringing about the serious

injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant First Advantage is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

24.  WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)  Statutory damages;

    (b)  Actual damages;

    (c)  Punitive damages;

    (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681*o*; and

    (e)  Such other and further relief as may be necessary, just and proper.

DATED     July 1, 2016     .

      s/ Floyd W. Bybee
      Floyd W. Bybee, SB 012651
      **BYBEE LAW CENTER, PLC**
      90 S. Kyrene Rd., Ste. 5
      Chandler, AZ 85226-4687
      Office: (480) 756-8822
      Fax: (480) 302-4186
      floyd@bybeelaw.com

      Attorney for Plaintiff